UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILIP IRA SCHEFFLIN,

          Plaintiff,

   v.

LYNNE DELANO et al.,

          Defendants.

CASE NO. C12-5695 RBL-JRC

ORDER TO FILE AN AMENDED COMPLAINT

      This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. The Court has reviewed the proposed complaint in this action and orders plaintiff to file an amended complaint, if he can cure the defects in his original filing.

      Plaintiff is challenging a decision of the Washington State Indeterminate Sentence Review Board not to release him on his earned early release date (ECF No. 1, proposed complaint). He specifically asks for release from incarceration, in addition to monetary damages for every day of incarceration past his earned early release date (ECF No. 1, proposed

ORDER - 1

complaint). Thus, plaintiff is attempting to challenge the fact and length of incarceration in a civil rights action. This portion of the action must proceed through habeas corpus.

If a petitioner is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether petitioner is or was entitled to immediate release or a speedier release from that imprisonment, petitioner's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, the portion of plaintiff's action, challenging his incarceration or length of time he is held, cannot proceed through a civil rights action.

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id*. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

Plaintiff specifically asks for the Court to order his release from prison and he asks for damages for every day he has been held past his earned early release date (ECF No. 1, proposed

complaint). Thus, he is directly challenging fact and length of incarceration. This defect in this complaint cannot be cured by amendment.

Plaintiff also complains of sanctions that he has received in disciplinary hearings. He alleges that the sanctions included denials of his rights in fourteen (14) separate categories. He complains of not being allowed showers, exercise, and religious services (ECF No. 1, proposed complaint, pages 34 and 35). These issues may survive and state a claim. However, plaintiff would need to provide much greater detail tying named defendants to the imposition of these sanctions and showing that he is not challenging loss of goodtime. He must also demonstrate that he has exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997 e (a).

Plaintiff has not made any such showing.

The Ninth Circuit has stated that a complaint should not be dismissed unless it appears beyond doubt that plaintiff cannot state a claim. *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990). This order gives plaintiff the opportunity to amend and continue this action with only the viable claims of improper sanctions.

Plaintiff will have until September 28. 2012 to file an amended complaint that cures the defects outlined above, if he wishes to proceed with this action. Failure to cure the defects noted

1 or failure to file an amended complaint will result in a Report and Recommendation that this

2 action be dismissed without prejudice.

3       Dated this 22nd day of August, 2012.

                                                                                      /s/ J. Richard Creatura

                                                                                      J. Richard Creatura
                                                                                      United States Magistrate Judge

ORDER - 4